UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIE WHITE, | No. 2:14-CV-01591 KJM DAD |
| Plaintiff, | |
| v. | STATUS (PRETRIAL SCHEDULING) |
| ACCESS CAPITAL SERVICES, INC., | ORDER |
| Defendant, | |

        An initial scheduling conference was held in this case on November 13, 2014. Adrian Bacon, appearing for Todd Friedman, appeared for plaintiff; Andrew Steinheimer appeared for defendant.

        Having reviewed the parties' Joint Status Report filed on November 6, 2014, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.    SERVICE OF PROCESS

        All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

/////

/////

1

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

Additional parties may be proposed in light of indemnification demands. Any joinder of parties or amendments to pleadings requires leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331. Jurisdiction and venue are not disputed.

IV.     DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed **within fourteen (14) days**. All discovery shall be completed by **August 13, 2015**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, even in connection with a discovery matter.

V.      MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **November 6, 2015.**[1] The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website.

/////

---

[1]  Note that this date may not correspond to a law and motion calendar date.

1     All purely legal issues are to be resolved by timely pretrial motions.  Local Rule
2  230 governs the calendaring and procedures of civil motions; the following provisions also apply:
3     (a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and
4     (b)     When the last day for filing an opposition brief falls on a legal holiday, the
5  opposition brief shall be filed on the last court day immediately preceding the legal holiday.
6  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to
7  the motion and the court may dispose of the motion summarily.  *Brydges v. Lewis*, 18 F.3d 651,
8  652-53 (9th Cir. 1994).
9     The court places a page limit of twenty (20) pages on all moving papers, twenty
10  (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases
11  must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of
12  the motion.
13     Prior to filing a motion in a case in which the parties are represented by counsel,
14  counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the
15  contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate
16  the defendant's contentions as to deficiencies in the complaint and in many instances the party
17  considering a motion should agree to any amendment that would cure a curable defect.  Counsel
18  should discuss the issues sufficiently so that if a motion of any kind is filed, including for
19  summary judgment, the briefing is directed only to those substantive issues requiring resolution
20  by the court.  Counsel should resolve minor procedural or other non-substantive matters during
21  the meet and confer.  **A notice of motion shall contain a certification by counsel filing the**
22  **motion that meet and confer efforts have been exhausted, with a brief summary of meet and**
23  **confer efforts.**
24     The parties are reminded that a motion *in limine* is a pretrial procedural device
25  designed to address the admissibility of evidence.  The court looks with disfavor upon
26  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions
27  *in limine*.  Although all motions *in limine* must be filed in conjunction with the joint pretrial
28  /////

3

statement, the court will hear only those motions it has identified to counsel before the hearing date.

<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue</u>.

VI.     <u>SEALING</u>

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

VII.    <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for **February 4, 2016**, at 3:30 p.m. At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall confer and file a joint pretrial conference statement by **January 14, 2016**. The provisions of Local Rule 281 shall apply with respect to the

/////

matters to be included in the joint pretrial statement. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with the following:

- A plain, concise statement that identifies every non-discovery motion previously tendered to the court and its resolution.

- A concise, joint list of undisputed core facts that are relevant to each claim. Disputed core facts should then be identified in the same manner. The parties are reminded not to identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim. Each disputed fact and undisputed fact should be separately numbered or lettered. Where the parties are unable to agree on the core disputed facts, they should nevertheless list core disputed facts in the above manner.

- Concise lists of disputed evidentiary issues that will be the subject of a party's motion *in limine*.

- Each party's points of law, which concisely describe the legal basis or theory underlying their claims and defenses. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument with any point of law; the parties may include concise arguments in their trial briefs.

- A joint statement of the case in plain concise language, which will be read to the jury during voir dire and at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

- The parties' position on the number of jurors to be impaneled to try the case.

Discovery documents to be listed in the pretrial statement shall not include documents to be used only for impeachment and in rebuttal.

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Final Pretrial

/////

Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ". However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions to be used only for impeachment. In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter. The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the joint Final Pretrial Conference

1  Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2]
2  A failure to do so may result in the imposition of sanctions which may include monetary
3  sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as
4  the court deems appropriate.
5  <u>Concurrently with the filing of the Joint Final Pretrial Conference Statement,</u>
6  <u>counsel shall submit to chambers the word processable version of the Statement, in its entirety</u>
7  <u>(including the witness and exhibit lists) to</u>:  kjmorders@caed.uscourts.gov.
8  VIII.    <u>TRIAL SETTING</u>
9  The jury trial is set for **March 21, 2016** at 9:00 a.m.  The parties estimate a trial
10 length of approximately two (2) to three (3) days.  Trial briefs are due by **March 7, 2016**.
11 IX.    <u>SETTLEMENT CONFERENCE</u>
12 The parties waived conflict to the assigned District Judge or Magistrate Judge
13 participating as the settlement judge, and request a settlement conference after the completion of
14 discovery.  Due to Judge Mueller's heavy trial schedule, a settlement conference has been set
15 before Magistrate Judge Dale A. Drozd for February 19, 2015 at 10:00 a.m. in Courtroom No. 27,
16 8th Floor. The parties are reminded to file waivers of conflict on the record prior to the scheduled
17 settlement conference as required by Rule 270(b).
18 The parties are directed to submit their confidential settlement conference
19 statements to the Court using the following email address: dadorders@caed.uscourts.gov.
20 Statements are due at least 7 days prior to the Settlement Conference.  Such statements are neither
21 to be filed with the clerk nor served on opposing counsel.  However, each party shall e-file a one
22 page document entitled Notice of Submission of Confidential Settlement Conference Statement.
23 The parties may agree, or not, to serve each other with the settlement statements.  Each party is
24 reminded of the requirement that it be represented in person at the settlement conference by a
25 /////

---

[2] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.,* 770 F.2d 866, 868-69 (9th Cir. 1985).

7

person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms.  See Local Rule 270.

X.      MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

XI.     OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED:  November 20, 2014.

_____
UNITED STATES DISTRICT JUDGE